William C. Wilson, SBN: 149683
Kim S. Cruz, SBN: 177406
Ryan G. Canavan, SBN: 313990
WILSON GETTY LLP
12555 High Bluff Drive, Suite 270
San Diego, California 92130
Telephone:   858.847.3237
Facsimile:    858.847.3365
Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as separate entities)

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GONZALEZ, individually and as Successor in Interest to the Estate of Santiago Gonzalez, deceased; JORGE GONZALEZ; AMERICO GONZALEZ; MARISUSI RODRIGUEZ; RAMONA RODRIGUEZ; ROBERTO GONZALEZ; TARCILA REVELES; and SANTIAGO GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER; SPRUCE HOLDINGS, LLC; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 1:20-cv-01260-NONE-EPG<br><br>**DECLARATION OF KIM S. CRUZ IN SUPPORT OF DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (FRCP 12(b)(6)) and MOTION TO STRIKE (FRCP 12(f))**<br><br>Date:  October 30, 2020<br>Time: 9:30 a.m.<br>Courtroom: #4 (7th floor) |

I, Kim S. Cruz, hereby declare:

1. The following is of my own personal knowledge and if called to testify thereto, I could and would do so competently. I am an attorney at law, duly licensed to practice in the State of California. I am an associate attorney at Wilson Getty LLP, attorneys of record for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as separate entities)

.

2. A true and correct copy of the March 10, 2020 Declaration of United States Health and Human Services Secretary Alex Azar invoking the Public Readiness and Emergency Preparedness Act for the COVID-19 pandemic effective February 4, 2020 is attached to Defendants' Request for Judicial Notice as Exhibit "A."

3. A true and correct copy of the April 10, 2020, Amended Declaration of United States Health and Human Services Secretary Alex Azar extending liability immunity to additional covered countermeasures authorized under the Coronavirus Aid, Relief and Economic Security ("CARES") Act (i.e., NIOSH approved respiratory protective devices), effective March 27, 2020 is attached to Defendants' Request for Judicial Notice as Exhibit "B."

4. A true and correct copy of the June 4, 2020, Second Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, Federal Register, Vol. 85, No. 110, is attached to Defendants' Request for Judicial Notice as Exhibit "C."

5. A true and correct copy of the Department of Health & Human Services, Office of the Secretary, General Counsel Advisory Opinion on the Public Readiness and Emergency Preparedness Act and The March 10, 2020 Declaration Under the Act, April 17, 2020, as modified on May 19, 2020, is attached to Defendants' Request for Judicial Notice as Exhibit "D."

6. A true and correct copy of the List of Covered Countermeasures subject to Emergency Use Authorizations by the United States Food and Drug Administration is attached to Defendants' Request for Judicial Notice as Exhibit "E."

7. A true and correct copy of the August 14, 2020, Letter by Robert Charrow, General Counsel for the Office of the Secretary of the Department of Health and Human Services, to Thomas Barker of Foley Hoag, LLP is attached to Defendants' Request for Judicial Notice as Exhibit "F."

8. A true and correct copy of the March 13, 2020, CMS Memorandum QSO-20-14-NH-Guidance for Infection Control and Prevention of Coronavirus Disease 2019 (COVID-19) in Nursing Homes (REVISED), is attached to Defendants' Request for Judicial Notice as Exhibit "G"

9. A true and correct copy of the March 17, 2020 CDC Strategies for Optimizing the Supply of N95 Respirators: Crisis/Alternate Strategies, is attached to Defendants' Request for Judicial Notice as Exhibit "H."

10. A true and correct copy of the March 21, 2020 CDC publication-"Preparing for COVID-19: Long-term Care Facilities Nursing Homes" is attached to Defendants' Request for Judicial Notice as Exhibit "I."

11. A true and correct copy of the July 31, 2020 CDC Public Health Guidance for Community-Related Exposure is attached to Defendants' Request for Judicial Notice as Exhibit "J."

12. On September 25, 2020, I exported the webpage entitled "How COVID-19 spreads" from Center for Disease Control and Prevention website. A true and correct copy of this webpage is attached to Defendants' Request for Judicial Notice as Exhibit "K."

13. On July 15, 2020, Plaintiffs' filed their Complaint in this matter. On August 26, 2020, Plaintiffs' granted Defendant a one-week extension to September 4, 2020 in which to respond to Plaintiffs' Complaint in Superior Court. On September 4, 2020, Defendant filed its Notice of Removal, making its response to the Complaint in Federal Court due September 11, 2020

16. On August 31, 2020, 2020, I sent a meet and confer letter to Plaintiffs' counsel, Jason Bell, detailing the basis for Defendant's proposed Motion to Dismiss and Motion to Strike Plaintiffs' Complaint. A true and correct copy of this meet and confer letter and an email enclosing the letter are attached collectively hereto as Exhibit "L."

17. Following this On September 8, 2020, I spoke with Plaintiffs' counsel, Jason Bell, at which time he advised that Plaintiffs were not inclined to file a First Amended Complaint, and that Plaintiffs would likely be filing a Motion to Remand the action back to State Court. Shortly thereafter the parties stipulated to provide Defendant an extension to September 25, 2020 in which to file a response to the Complaint in Federal Court to provide the parties time to meet and confer regarding Plaintiffs' proposed Motion to Remand. On September 16, 2020, I received correspondence from Plaintiffs' indicating that Plaintiffs disputed the jurisdiction of the federal court and intended to file a Motion to Remand. On September 23, 2020, I emailed Plaintiff's counsel, Jason Bell and advised that we disagreed with Plaintiffs' counsel's assessment.

18. Thus, Defendant's Motion to Dismiss and Motion to Strike is filed following communication with Plaintiffs' counsel pursuant to the Standing Order of the United States District Court for the Eastern District of California and the exhaustion of the parties' meet and confer efforts

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 25, 2020 at San Diego, California

/s/ Kim S. Cruz
———————————————
Kim S. Cruz

*Jamie Gonzalez, individually and as SII to the Estate of Santiago Gonzalez, deceased, et. al. v. Redwood Springs Healthcare Center, et. al.*
**United States District Court, Eastern District of California**
**Case No.**
**\*\*\***
**PROOF OF SERVICE**

I am employed in San Diego County.  I am over the age of 18 and not a party to this action.  My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On **September 25, 2020**, I served the foregoing documents, described in this action as:

**DECLARATION OF KIM S. CRUZ IN SUPPORT OF DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (FRCP 12(b)(6)) and MOTION TO STRIKE (FRCP 12(f))**

As follows:

>Warren R. Paboojian, Esq.
>Jason S. Bell, Esq.
>Baradat & Paboojian, Inc.
>720 West Alluvial Avenue
>Fresno, CA 93711
>T: 559.431.5366
>F: 559.431.1702
>Email: wrp@bplaw-inc.com
>Email: jsb@bplaw-inc.com

**[X]**   **By CM/ECF ELECTRONIC DELIVERY:**   In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

**[X]**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 25, 2020** at San Diego, California.

_____
Tonya Jamois