# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GONZALEZ, individually and as Successor in Interest to the Estate of Santiago Gonzalez, deceased; JORGE GONZALEZ; AMERICO GONZALEZ; MARISUSI RODRIGUEZ; RAMONA RODRIGUEZ; ROBERTO GONZALEZ; TARCILA REVELES; and SANTIAGO GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER; SPRUCE HOLDINGS, LLC; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 1:20-cv-01260-NONE-EPG<br><br>**[PROPOSED] ORDER ON DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (FRCP 12(b)(6)) and MOTION TO STRIKE (FRCP 12(f))**<br><br>Complaint Filed: July 15, 2020<br><br>Date:  October 30, 2020<br><br>Time: 10 am<br><br>Courtroom: #4 (7th floor) |

This matter came on regularly for hearing on October 30, 2020 at 10:00 am in Courtroom 4 in the above entitled court located at 2500 Tulare Street, Sixth Floor, Fresno, California 93721 the Honorable Dale Drozd, Judge presiding.

///

///

///

Plaintiffs Jamie Gonzalez, individually and as Successor in Interest to the Estate of Santiago Gonzales, deceased, Jorge Gonzalez, Americo Gonzalez, Marisusi Rodriguez, Ramona Rodriguez, Roberto Gonzalez, Tarcila Reveles, and Santiago Gonzalez, were represented by Warren R. Paboojian, Esq. and Jason S. Bell, Esq. of Baraddat & Paboojian, Inc.

Defendant and moving party Spruce Holdings, LLC dba Redwood Springs Healthcare Center was represented by William Wilson, Esq. and Kim S. Cruz, Esq. of Wilson Getty LLP.

Having considered all arguments and pleadings filed, the Court hereby finds and rules as follows:

Plaintiffs, Jamie Gonzalez, individually and as Successor in Interest to the Estate of Santiago Gonzales, deceased, Jorge Gonzalez, Americo Gonzalez, Marisusi Rodriguez, Ramona Rodriguez, Roberto Gonzalez, Tarcila Reveles, and Santiago Gonzalez fail to state a claim upon which relief can be granted because:

(1) As to the First Cause of Action for Elder Abuse; Second Cause of Action for Willful Misconduct; and Third Cause of Action for Wrongful Death, Plaintiffs fail to state a claim against Defendant as Defendant has immunity with respect to such claims under the Public Readiness and Emergency Preparedness Act ("PREP Act") and Declarations of Health and Human Services Secretary Alex Azar invoking the Act for the COVID-19 pandemic.  Pursuant to Federal Rules of Civil Procedure, Rule (12)(6), Defendant requests this Court issue an Order of Dismissal.

(2) As to the First Cause of Action for Elder Abuse; Second Cause of Action for Willful Misconduct; and Third Cause of Action for Wrongful Death, Plaintiffs fail to state a claim against Defendant pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) on the grounds that the PREP Act provides that exclusive jurisdiction for any claim is in the United States District Court for the District of Columbia.

(3) As to the First Cause of Action for Elder Abuse, Plaintiffs fail to state facts sufficient to state a claim upon which relief may be granted.

(4) As to the Second Cause of Action for Willful Misconduct, Plaintiffs fail to state facts sufficient to state a claim upon which relief may be granted.

(5) As to the Third Cause of Action for Wrongful Death, Plaintiffs fail to state facts sufficient to state a claim upon which relief may be granted.

THEREFORE, IT IS HEREBY ORDERED THAT:

Plaintiffs fail to state facts sufficient to state a claim upon which relief may be granted. For these reasons, Defendant's Motion to Dismiss is granted in its entirety and pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), Spruce Holdings, LLC dba Redwood Springs Healthcare Center is hereby dismissed from Plaintiffs' Complaint; and

The Court further finds that Plaintiffs' Complaint contains allegations that are immaterial, impertinent, and scandalous.  Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and the PREP Act, IT IS HEREBY ORDERED THAT immaterial, impertinent and scandalous matter be stricken from Plaintiffs' Complaint. Specifically, the following portions of the Complaint are ordered stricken:

(1) Pg. 4, line 5: ". . . requiring employees/visitors to use Personal Protective Equipment (face masks, gloves and gowns);

(2) Pg. 4, line 11: ". . . including the distribution and use of Personal Protective Equipment . . .";

(3) Pg. 5, line 23: "1. Failure of REDWOOD SPRINGS to provide staff and others at the facility Personal Protective Equipment.";

(4) Pg. 5, lines 24-25: "2. Failure of REDWOOD SPRINGS to require the staff and others while at the facility to use and/or monitor the use of Personal Protective Equipment.";

(5) Pg. 6, lines 7-9: "9.  Failure to timely test Santiago Gonzalez and other residents and staff for COVID-19 in order to timely isolate and separate the infected individuals from non-infected individuals.";

(6) Pg. 7, line 10: ". . . personal protective equipment . . .";

(7) Pg. 12, line 21: "wherein infected workers lacked personal protective

equipment . . .";

(8) Pg. 12, line 28-Pg. 13, line 1: ". . . requiring use of personal protective equipment . . ."

(9) Pg. 13, lines 11-12: ". . . and personal protective equipment, including masks, gloves and gowns . . ."

(10) Pg. 15, lines 6-7, Prayer for Relief: "3. For general damages for Santiago Gonzalez' pain and suffering pursuant to Welfare & Institutions Code Section 15657(b) (as to the First and Second Causes of Action only);"

(11) Pg. 15, lines 8-9, Prayer for Relief: "4. For attorney's fees pursuant to Welfare and Institutions Code Section 15657(a) (as to the First and second Causes of Action only);" and

(12) Pg. 15, line 10, Prayer for Relief: "5. For punitive and exemplary damages (as to the First and Second Causes of Action only)."

IT IS SO ORDERED.

Dated:  September ___, 2020

_____
Hon. Dale Drozd
United States District Court Judge

*Jamie Gonzalez, individually and as SII to the Estate of Santiago Gonzalez, deceased, et. al. v. Redwood Springs Healthcare Center, et. al.*
**United States District Court, Eastern District of California**
**Case No.**
**\*\*\***
**PROOF OF SERVICE**

I am employed in San Diego County.  I am over the age of 18 and not a party to this action.  My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On **September 25, 2020**, I served the foregoing documents, described in this action as:

**[PROPOSED] ORDER ON DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (FRCP 12(b)(6)) and MOTION TO STRIKE (FRCP 12(f))**

As follows:

> Warren R. Paboojian, Esq.
> Jason S. Bell, Esq.
> Baradat & Paboojian, Inc.
> 720 West Alluvial Avenue
> Fresno, CA 93711
> T: 559.431.5366
> F: 559.431.1702
> Email: wrp@bplaw-inc.com
> Email: jsb@bplaw-inc.com

**[X]**     **By CM/ECF ELECTRONIC DELIVERY:**     In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

**[X]**     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 25, 2020** at San Diego, California.

_____
Tonya Jamois

**PROOF OF SERVICE**