William C. Wilson, SBN: 149683
Kim S. Cruz, SBN: 177406
Ryan G. Canavan, SBN: 313990
WILSON GETTY LLP
12555 High Bluff Drive, Suite 270
San Diego, California 92130
Telephone:  858.847.3237
Facsimile:   858.847.3365
Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as separate entities)

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GONZALEZ, individually and as Successor in Interest to the Estate of Santiago Gonzalez, deceased; JORGE GONZALEZ; AMERICO GONZALEZ; MARISUSI RODRIGUEZ; RAMONA RODRIGUEZ; ROBERTO GONZALEZ; TARCILA REVELES; and SANTIAGO GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER; SPRUCE HOLDINGS, LLC; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 1:20-cv-01260-NONE-EPG<br><br>**DEFENDANT, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' REQUEST FOR STAY OF BRIEFING ON DEFENDANT'S MOTION TO DISMISS**<br><br>Complaint filed: July 15, 2020<br><br>Motion to Dismiss/Strike Hearing Date: October 30, 2020<br><br>Motion to Remand Hearing Date: November 2, 2020 |

COMES NOW Defendant, SPRUCE HOLDNGS LLC dba REDWOOD SPRINGS HEALTHCARE CENTER and respectfully opposes Plaintiffs' Request for a Stay of Briefing on Defendant's Motion to Dismiss, set for hearing on October 30, 2020, and Motion to Strike pending a ruling on Plaintiffs' Motion to Remand, set for hearing on November 2, 2020.

///

## I. LEGAL STANDARD

The court has inherent authority to manage the cases before it, which includes the authority to issue an appropriate stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 54-55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance." *Id*. at pg. 254.  "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity a party may suffer in being required to go forward and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)

"The proponent of a stay bears of the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  The party advocating for a stay, "must make out a clear case of hardship or inequity . . .  if there is even a fair possibility that the stay  . . . will work damage to someone else." *Landis*, 299 U.S. at pg. 255.

## II. PLAINTIFFS' REQUEST FOR A STAY OF BRIEFING ON DEFENDANT'S MOTION TO DISMISS/STRIKE SHOULD BE DENIED

Here, "[i]n the interests of preservation of party and judicial resources", Plaintiffs request a stay of the briefing on Defendant's Motion to Dismiss and Motion Strike until the jurisdictional issues raised in Plaintiffs' Motion to Remand have been decided.

However, such a stay is unnecessary as the Motion to Dismiss involves almost identical issues of law to that of the Motion to Remand.   In its Motion to Dismiss, Defendant contends that (1) Plaintiffs' claims relating to alleged deficiencies in the use of Personal Protective Equipment and failures to test and delays in conducting testing for COVID-19 fall within the Public Readiness and Emergency Preparedness Act ("PREP Act"); and (2) that the PREP Act provides for immunity with respect to Plaintiffs' claims relating to PPE and COVID-19 testing. The applicability of the PREP

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR STAY OF BRIEFING ON DEFENDANT'S MOTION TO DISMISS Case No. 1:20-cv-01260-NONE-EPG**

Act, which is addressed in Plaintiffs' Motion to Remand is also addressed in Defendant's Motion to Dismiss.

Moreover, Plaintiffs' brief three paragraph request, does not address or make a showing of the factors required to obtain a stay.  Plaintiffs have made no showing that they will suffer hardship or inequity if they are required to file an Opposition to Defendant's Motion prior to a determination of their Motion to Remand.  Given the overlap in legal issues which have already been briefed by Plaintiffs in their Motion to Remand, there would be no such hardship.

On the other hand, consideration of both motions together would benefit the Court in light of the important and novel issues of law presented in both motions. Defendant's Motion to Dismiss contains a very extensive discussion of the applicability of the PREP Act.  Defendant's Opposition to the Motion to Remand (to be filed by October 19, 2020) will also address the PREP Act.  Because the PREP Act has rarely been litigated until the recent COVID-19 pandemic, the discussion in both Motions will aid in the Court's understanding of this complex statute and the Declarations of the Health and Human Services Secretary which trigger and apply to this particular public health emergency; and help the Court navigate the question of whether the Act applies to Plaintiffs' claims in this case.

For the foregoing reasons, a stay of briefing on the Motion to Dismiss is not warranted.

Dated:  October 7, 2020           WILSON GETTY LLP


By: /s/ Kim S. Cruz
     William C. Wilson
     Kim S. Cruz
     Ryan Canavan

Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as separate entities)

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR STAY OF BRIEFING ON DEFENDANT'S MOTION TO DISMISS Case No. 1:20-cv-01260-NONE-EPG**

*Jamie Gonzalez, individually and as SII to the Estate of Santiago Gonzalez, deceased, et. al. v. Redwood Springs Healthcare Center, et. al.*
**United States District Court, Eastern District of California**
**Case No.**
**\*\*\***
**PROOF OF SERVICE**

I am employed in San Diego County. I am over the age of 18 and not a party to this action. My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On **October 7, 2020**, I served the foregoing documents, described in this action as:

**DEFENDANT, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' REQUEST FOR STAY OF BRIEFING ON DEFENDANT'S MOTION TO DISMISS**

As follows:

Warren R. Paboojian, Esq.
Jason S. Bell, Esq.
Baradat & Paboojian, Inc.
720 West Alluvial Avenue
Fresno, CA 93711
T: 559.431.5366
F: 559.431.1702
Email: wrp@bplaw-inc.com
Email: jsb@bplaw-inc.com

**[X]   By CM/ECF ELECTRONIC DELIVERY:**   In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

**[X]**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 7, 2020** at San Diego, California.

_Tonya Jamois_
Tonya Jamois

**PROOF OF SERVICE**