1  William C. Wilson, SBN: 149683
2  Kim S. Cruz, SBN: 177406
   Ryan G. Canavan, SBN: 313990
3  WILSON GETTY LLP
   12555 High Bluff Drive, Suite 270
4  San Diego, California 92130
   Telephone:    858.847.3237
5  Facsimile:    858.847.3365
6  Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE
   CENTER (erroneously sued and served as separate entities)

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GONZALEZ, individually and as Successor in Interest to the Estate of Santiago Gonzalez, deceased; JORGE GONZALEZ; AMERICO GONZALEZ; MARISUSI RODRIGUEZ; RAMONA RODRIGUEZ; ROBERTO GONZALEZ; TARCILA REVELES; and SANTIAGO GONZALEZ, <br><br>Plaintiffs,<br><br>vs.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER; SPRUCE HOLDINGS, LLC; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 1:20-cv-01260-NONE-EPG<br><br>**DEFENDANT, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S NOTICE OF SUPPLEMENTAL AUTHORITY NO. 4**<br><br>Complaint Filed: July 15, 2020<br><br>**Hearing on Plaintiff's Motion to Remand:**<br>**Date:    November 2, 2020**<br>**Time:    9:30 am**<br>**Courtroom:  # 4** |

Defendant, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER, hereby submits the following Notice of Supplemental Authority No. 4 in further support of its Opposition to Remand and Motion to Dismiss, and lodges with the Court the "Statement of Interest of the United States filed by the U.S. Department of Justice on January 19, 2021, in the matter of *Debbie Ann Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (MD Tenn. Jan. 19, 2021 )"; attached hereto as Exhibit "A.

///

On January 19, 2021, the U.S. Department of Justice's ("DOJ") Statement of Interest of the United States ("SOI") was filed, which urges that the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§247d-6d, 247d-6e "completely preempts claims relating to the administration or use of covered countermeasures with respect to a public health emergency." SOI at 1, *Debbie Ann Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (MD Tenn. Jan. 19, 2021) ("SOI"). The DOJ SOI was submitted pursuant to the DOJ's authority under 28 U.S.C. § 517 ("Interests of United States in pending suits").

The DOJ's SOI is a filing of an agency which—albeit is not the agency charged with the implementation and interpretation of the PREP Act— is the agency charged with, *inter alia*, the enforcement of the laws of the United States, the defense of interests of the United States, ensuring public safety, and ensuring the fair and impartial administration of justice. As such the DOJ's SOI commenting on the scope of a federal court's jurisdiction is given no deference but is of "considerable interest" to the courts. *See Republic of Austria v. Altmann*, 541 U.S. 677, 701 (2004) (holding that the State Department's Statement *amicus curiae* brief on the subject of exercise of federal jurisdiction and statutory construction is "well within the province of the court" is given no deference, but is of "considerable interest"); *see also Garb v. Republic of Poland*, 440 F.3d 579, 584 (2d Cir. 2006) (recognizing, though not deciding, that "considerable interest" would apply to DOJ's Letter Brief regarding State Department's position).

In this SOI, the DOJ speaks not to the expertise of the Department of Health and Human Services ("HHS") in implementing a public health emergency strategy, but to the importance of the courts giving credence to the Congressional bargain this country has made with private actors, such as Defendants, to participate in said urgent national strategy without fear of disparate treatment in the 50 states' courts or by the 50 states' laws. *See* 42 U.S.C. §247d-6d (a)(1), (b)(8), (d)(1), (e)(1) (requiring complete preemption and a thorough, exclusive alternative claims and litigation system); *see also generally* 42 U.S.C. 247d-6e (mandating exclusive no-fault claims process and exclusive litigation process in the U.S. District Court for the District of Columbia). No agency can invade the province of the courts in their determination of their jurisdiction; however, the DOJ may implore the courts to allow

the federal government to honor the benefit of the statutory bargain it made through the PREP Act to save lives and mitigate this COVID-19 pandemic.

In the federal government's, and DOJ's, quest to enforce the provisions of the PREP Act, the SOI provides:

1. That the PREP Act is crucial to the "whole-of-nation response" to public health emergencies, such as the COVID-19 pandemic. *SOI.* at 1–2.

2. That this response depends on the cooperation among private-sector partners and state and local officials across the nation. *Id.* at 2

3. That "sweeping" immunity was granted to encourage such cooperation. *Id.*

4. That federal jurisdiction is proper since the PREP Act's exclusive federal cause of action creates federal question jurisdiction. *Id.* at 5.

5. That the nature of the complaint determines complete preemption, not the stated claims. *Id.* at 6.

6. That the PREP Act's immunity for all Federal and state law claims and extensive claims process established as the sole exception to immunity make the PREP Act a complete preemption statute. *Id.* at 7–8.

7. That *Maglioli* and its progeny's interpretations of the PREP Act's complete preemptive effect are incorrect and that their holdings should be limited to their facts. *Id.* at 10–12.

8. That HHS's Advisory Opinions are entitled to considerable weight. *Id.* at 13 n. 5.

Respectfully submitted.

Dated: January 22, 2021                           WILSON GETTY LLP


By: /s/ Kim S. Cruz
William C. Wilson
Kim S. Cruz

Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as separate entities)

**DEFENDANT, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S NOTICE OF SUPPLEMENTAL AUTHORITY NO. 4**
**Case No. 1:20-cv-01260-NONE-EPG**

*Jamie Gonzalez, individually and as SII to the Estate of Santiago Gonzalez, deceased, et. al. v. Redwood Springs Healthcare Center, et. al.*
**United States District Court, Eastern District of California**
**Case No. 1:20-CV-01260-NONE-EPG**

**\*\*\***
**PROOF OF SERVICE**

I am employed in San Diego County.  I am over the age of 18 and not a party to this action.  My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On **January 22, 2021**, I served the foregoing documents, described in this action as:

**DEFENDANT, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S NOTICE OF SUPPLEMENTAL AUTHORITY NO. 4**

As follows:

Warren R. Paboojian, Esq.
Jason S. Bell, Esq.
Baradat & Paboojian, Inc.
720 West Alluvial Avenue
Fresno, CA 93711
T: 559.431.5366
F: 559.431.1702
Email: wrp@bplaw-inc.com
Email: jsb@bplaw-inc.com

**[X]   By CM/ECF ELECTRONIC DELIVERY:**   In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

**[X]**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 22, 2021** at San Diego, California.

_____
Tonya Jamois