EXHIBIT "A"

No *Shepard's* Signal™
As of: January 22, 2021 6:10 PM Z

## *Estate of Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*

United States District Court for the Middle District of Florida, Tampa Division

January 12, 2021, Decided; January 12, 2021, Filed

Case No. 8:20-cv-2798-T-60SPF

**Reporter**
2021 U.S. Dist. LEXIS 5210 *; 2021 WL 100376

ESTATE OF OLIVE B. SMITH, by and through WARREN SMITH, Executor de son Tort, Plaintiff, v. THE BRISTOL AT TAMPA REHABILITATION AND *NURSING* CENTER, LLC, Defendant.

## Core Terms

preemption, removal, federal question, state court, federal court, state law, *negligence* claim, federal jurisdiction, well-pleaded, immunity, argues

**Counsel:** [*1] For Estate of Olive B. Smith, by and through Warren Smith, Executor de son Tort, Plaintiff: Brian Lee Thompson, LEAD ATTORNEY, Morgan & Morgan, Tampa, PS, Tampa, FL; Octavio Gomez, LEAD ATTORNEY, Morgan & Morgan, PA, Tampa, FL.

For The Bristol at Tampa Rehabilitation and *Nursing* Center, LLC, Defendant: Brandon Szymula, Quintairos Prieto Wood & Boyer, P.A., Tampa, FL; Thomas W. Caufman, Brooke Chastain Juan, Quintairos, Prieto, Wood & Boyer, PA, Tampa, FL.

**Judges:** TOM BARBER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** TOM BARBER

## Opinion

### ORDER GRANTING PLAINTIFF'S "MOTION FOR REMAND"

This matter is before the Court on Plaintiff's "Motion for Remand," filed on December 14, 2020. (Doc. 6). Defendant The Bristol at Tampa Rehabilitation and *Nursing* Center, LLC filed its response in opposition on January 7, 2021. (Doc. 16). After reviewing the motion, response, court file, and record, the Court finds as follows:

### Background

Plaintiff Warren Smith is the surviving child of Olive B. Smith, who was a resident of The Bristol of Tampa Rehabilitation and *Nursing* Center. Mrs. Smith was admitted to the Bristol on March 26, 2020, because she was incapable of caring for herself. She was diagnosed as *COVID*-19 positive on May 3, 2020. She [*2] was then transferred to AdventHealth Tampa Hospital, where she died from *COVID*-19 on May 14, 2020.

On October 27, 2020, Plaintiff filed a complaint in state court alleging numerous *negligence* claims against Defendant, including that it failed to follow proper infection protocols and guidelines, have proper PPE, and observe a wide range of appropriate safety precautions. Defendant removed the case on November 27, 2020, based on federal question jurisdiction. On December 14, 2020, Plaintiff filed a motion to remand, which is currently pending before the Court.

### Legal Standard

When a civil action is originally brought in state court, a defendant may remove the action when the federal

court has original jurisdiction. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

## Analysis

Plaintiff seeks to remand this action to state court, arguing that there is no basis for removal. In its notice of removal, Defendant contends that federal question jurisdiction exists because Plaintiff's claims arise under and implicate a federal statute — The Public Readiness and Emergency Preparedness Act ("**PREP** Act"), 42 U.S.C. § 247d-6d [*3] .

Defendant first argues that Plaintiff's state law claims are subject to complete preemption due to the applicability of the **PREP** Act. "'Complete preemption is a rare doctrine' that has only been recognized in a handful of areas." Rodina v. Big Blue Healthcare, Inc., No. 2:20-CV-2319-HLT-JPO, 2020 U.S. Dist. LEXIS 150021, 2020 WL 4815102, at *2 (D. Kan. Aug. 19, 2020) (quoting Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1202 (10th Cir. 2012). Importantly, "it is not to be lightly invoked." Id. (citing Devon Energy Prod., 693 F.3d at 1205).

"With respect to complete preemption, the **PREP** Act is "not one of the three statutes that the Supreme Court has determined has extraordinary preemptive force." Saldana v. Glenhaven Healthcare LLC, No. Cv 20-5631 FMO (MAAx), 2020 U.S. Dist. LEXIS 216490, 2020 WL 6713995, at *2 (C.D. Cal. Oct. 14, 2020) (quoting City of Oakland v. BP PLC, 969 F.3d 895, 907 (9th Cir. 2020)). Furthermore, "mere immunity against state law or preemption of state law is not the equivalent of complete preemption and does not provide removal jurisdiction." Id. (quoting Martin v. Serrano Post Acute LLC, No. Cv 20-5631 FMO (MAAx), 2020 U.S. Dist. LEXIS 165874, 2020 WL 5422949, at *1-2 (C.D. Cal. 2020)). As such, the Court concludes that Plaintiff's state law **negligence** claims are not completely preempted by the **PREP** Act.

Defendant further argues that even if Plaintiff's claims are not subject to complete preemption, federal question jurisdiction exists because the claims raise a federal issue under the **PREP** Act. However, the complaint itself brings no claims under the **PREP** Act. Therefore, [*4] under the well-pleaded complaint rule, there is no federal jurisdiction. See Rodina, 2020 U.S. Dist. LEXIS 150021, 2020 WL 4815102, at *2. (finding no federal question jurisdiction under well-pleaded complaint rule when examining state law **negligence** claims against owners and operators of **nursing home** facility). Moreover, it is well established that a defendant may not remove a case to federal court based on the existence of a federal defense, "including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint." Caterpillar Inc v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); see also Saldana, 2020 U.S. Dist. LEXIS 216490, 2020 WL 6713995, at *2 (explaining that case could not be removed based on **PREP** Act even though defendants argued in favor of immunity under **PREP** Act). As such, the Court concludes that the **PREP** Act does not confer federal question jurisdiction in this case.[1]

The Court's ruling is in line with decisions of other federal courts. Having reviewed the relevant case law, the Court notes that although these and similar arguments concerning the **COVID**-19 pandemic and the **PREP** Act have been brought before the federal courts, the Court has been unable to find even one case permitting removal. See, e.g., Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC, No. 20cv1198, 2020 U.S. Dist. LEXIS 192281, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020) [*5] ; Saldana, 2020 U.S. Dist. LEXIS 216490, 2020 WL 6713995; Martin, 2020 U.S. Dist. LEXIS 165874, 2020 WL 5422949; Rodina, 2020 U.S. Dist. LEXIS 150021, 2020 WL 4815102; Lutz v. Big Blue Healthcare, Inc., No. 2:20-cv-2316-HLT-JPO, 2020 U.S. Dist. LEXIS 150020, 2020 WL 4815100 (D. Kan. Aug. 19, 2020); Estate of Maglioli v. Andover Subacute Rehab. Ctr. I, No. CV 20-6605 (KM)(ESK), 2020 U.S. Dist. LEXIS 145055, 2020 WL 4671091 (D.N.J. Aug. 12, 2020). The motion to remand is due to be granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff's "Motion for Remand" (Doc. 6) is

---

[1] The Court does not rule that Defendant is, or is not, entitled to a **PREP** Act defense to any of Plaintiff's claims. The applicability of the **PREP** Act is for the state court to decide on remand. The Court's ruling is simply that the **PREP** Act does not completely preempt Plaintiff's state law **negligence** claims and require a federal forum. See Estate of Maglioli v. Andover Subacute Rehab. Ctr. I, No. CV 20-6605 (KM)(ESK), 2020 U.S. Dist. LEXIS 145055, 2020 WL 4671091, at *11 (D.N.J. Aug. 12, 2020).

2021 U.S. Dist. LEXIS 5210, *5

hereby **GRANTED**.

(2) This action is **REMANDED** to state court. Once remand is effected, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of January, 2021.

/s/ Tom Barber

**TOM BARBER**

**UNITED STATES DISTRICT JUDGE**

---

End of Document

No *Shepard's* Signal™
As of: January 22, 2021 6:10 PM Z

## *Gunter v. CCRC OPCO-Freedom Square, LLC*

United States District Court for the Middle District of Florida, Tampa Division

October 29, 2020, Decided; October 29, 2020, Filed

Case No: 8:20-cv-1546-T-36TGW

**Reporter**
2020 U.S. Dist. LEXIS 201622 *

JESSICA A. GUNTER, Plaintiff, v. CCRC OPCO-FREEDOM SQUARE, LLC, et al., Defendants.

### Core Terms

countermeasure, residents, Defendants', removal, staff, alleges, manufacture, preemption, entities, **nursing home**, preempts, spread

**Counsel:** [*1] For Jessica Gunter, As Personal Representative of the Estate of Donald J. Jack, Plaintiff: Andrea Elizabeth Nieto, Bennie Lazzara, Jr., James L. Wilkes, II, Jason R. Delgado, LEAD ATTORNEYS, Wilkes & McHugh, P.A., Tampa, FL.

For CCRC OPCO- Freedom Square, LLC, HCP, Inc., also known as, HCP Inc. of Maryland, now known as, HealthPeak Properties, Inc., Brookdale Senior Living, Inc., BKD Twenty-One Management Company, Inc., American Retirement Corporation, Life Care Services, LLC, Cynthia Ayala, as to Seminole Pavilion Rehabilitation and **Nursing** Services, Defendants: Christopher E. Brown, LEAD ATTORNEY, Robindra Nath Khanal, Quintairos, Prieto, Wood & Boyer, P.A., Orlando, FL.

**Judges:** Charlene Edwards Honeywell, United States District Judge.

**Opinion by:** Charlene Edwards Honeywell

### Opinion

### ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 33). In the motion, Plaintiff, Jessica Gunter, as Personal Representative of the Estate of Donald J. Jack, seeks an Order remanding this case to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. Defendants, CCRC OPCO-Freedom Square, LLC; Healthpeak Properties, Inc.; Brookdale Senior Living, Inc.; BKD Twenty-One Management Company, [*2] Inc.; American Retirement Corporation; Life Care Services, LLC; and Cynthia Ayala (collectively "Defendants"), filed a response in opposition (Doc. 36). Defendants contend the motion to remand should be denied because the *Public Readiness and Emergency Preparedness Act ("**PREP**" Act), 42 U.S.C. § 247d-6d*, preempts Plaintiff's claims and supplies federal subject matter jurisdiction. The parties filed additional supplemental authority supporting their respective positions. *See* Docs. 35, 37, 38, 41, 49, 50, 51.[1] The Court, having considered the motion, the

---

[1] Although docketed as a response, Doc. 49 is titled a motion for oral argument in opposition to Plaintiff's motion to remand. *See* Doc. 49 at 1. The request for oral argument is denied. Both sides have thoroughly briefed the matter, including filing multiple supplements, and thus the Court concludes oral argument is unnecessary to determine the issues. Moreover, contrary to Defendants' claim that these issues are one of first impression, the applicability of the **PREP** Act's immunity in the context of a **nursing home negligence** case has been addressed recently by several other jurisdictions. *See Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC, No. 20cv1198, 2020 U.S. Dist. LEXIS 192281, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020)*; *Martin v. Serrano Post Acute LLC, No. 20-5937DSF (SKx), 2020 U.S. Dist. LEXIS 165874, 2020*

response, and being fully advised in the premises, will grant the motion and remand this case to state court.

## I. BACKGROUND

This case arises out of claims of *nursing home negligence* that allegedly resulted in the death of Donald Jack ("Jack") during his residency at Defendants' skilled *nursing* facility known as Seminole Pavilion Rehabilitation and *Nursing* Services ("the Facility"). Plaintiff, Jessica Gunter, is the Personal Representative for the Estate of Jack. Doc. 33-1 at 42. She filed [*3] a four-count Complaint in state court on behalf of the Estate and the survivors seeking damages due to Jack's death. Doc. 33-1. The Complaint sues the Facility's administrator, Cynthia Ayala, and five corporate Defendants who are alleged to be owners, operators, and/or managers of the Facility and the property. *Id.*

Plaintiff alleges that Defendants were on high-alert for *COVID*-19[2] since January 2020. *Id.* ¶ 50. On March 4, 2020, Defendants represented to staff, residents and relatives that Defendants were taking actions to address *COVID*-19 concerns. *Id.* ¶ 41. On March 13, 2020, the Florida Governor ordered all *nursing home* facilities to lock down and implemented a visitation ban in an effort to mitigate the risk to Florida's elderly population who are highly vulnerable to *COVID*-19, particularly those individuals who also have certain underlying medical conditions. *Id.* ¶ 44. On March 15, 2020, Defendants updated their website with additional actions Defendants continued to take to address *COVID*-19 concerns. *Id.* ¶ 45.

Jack admitted himself to the Facility on or about April 2, 2020, for short-term rehabilitation due to generalized weakness resulting from chemotherapy treatment for his recent [*4] diagnosis of Hodgkin's Lymphoma. *Id.* ¶ 47. He was 75 years old at the time. *Id.* At the time of his admission, Jack had various diagnoses, including Hodgkin's Lymphoma, Type II diabetes, and abnormality of albumin. *Id.* ¶ 48. Due to his age and underlying medical conditions, Defendants knew Jack was one of the residents highly vulnerable to *COVID*-19. *Id.* ¶ 49. Notwithstanding this knowledge, Defendants are alleged to have failed to implement adequate protocols, service, and care to control and minimize the spread of the infection at the Facility. *Id.* ¶ 51.

On April 16, 2020, lab results confirmed Jack was positive for *COVID*-19. *Id.* ¶ 61. As of that date, approximately 30 residents and staff members tested positive for *COVID*-19. *Id.* ¶ 62. The Facility began transferring residents to area hospitals because it was overwhelmed by the outbreak of *COVID*-19. *Id.* ¶ 63.

On April 17, 2020, Jack, along with the remaining Facility residents were transferred to local hospitals. *Id.* ¶ 64. On April 21, 2020, Jack died as a result of *COVID*-19, which he contracted while a resident of Defendants' Facility. *Id.* ¶ 66. Plaintiff contends that the Facility has a history of insufficient infection control, noting [*5] documented Department of Health citations in 2018 and 2019. *Id.* ¶¶ 68, 69.

Plaintiff alleges that Defendants' negligent acts and omissions included the following: failing to properly use resident funds; failing to have an adequate emergency preparedness plan; failing to implement adequate safety protocols to minimize the risk and spread of *COVID*-19; failing to implement an adequate system for identifying, reporting, preventing and controlling infections and communicable diseases; failing to notify authorities, staff, residents and relatives of the potential dangers of *COVID*-19 and the positive cases at the Facility; forcing staff to reuse personal protection equipment ("PPE"); failing to supply proper masks and gowns; failing to follow Center for Disease Control ("CDC") guidelines; failing to communicate the outbreak to authorities and avail themselves of available PPE; failing to implement safety protocols and disinfect common areas to minimize the spread of the virus; failing to provide adequate staff in number and training; failing to be forthcoming about the outbreak with employees, residents and relatives; reducing basic cleaning practices for which the residents pay for; permitting [*6] widespread safety failures such as inadequate staff and equipment; having inadequate management oversight; and permitting asymptomatic staff who had been exposed to *COVID*-19 to continue to work at the Facility. Doc. 33-1 ¶ 51.

On June 8, 2020, Plaintiff filed a four-count complaint

---

WL 5422949 (C.D. Cal. Sept. 10, 2020); *Lutz v. Big Blue Healthcare, Inc.*, No. 2:20-cv-2316-HLT-JPO, 2020 U.S. Dist. LEXIS 150020, 2020 WL 4815100 (D. Kan. Aug. 19, 2020); *Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, No. 20-6605(KM)(ESK), 2020 U.S. Dist. LEXIS 145055, 2020 WL 4671091 (D. N.J. Aug. 12, 2020).

[2] Coronavirus disease 2019, known as *COVID*-19, is the illness caused by the SARS-CoV-2 virus. On March 11, 2020, the World Health Organization declared *COVID*-19 a global pandemic.

asserting solely state law claims against Defendants in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County. Plaintiff sues Defendants for breach of fiduciary duty (Count I), aiding and abetting breach of fiduciary duty (Count II), violations of Florida Statutes § 415.1111 (Count III), and violations of Florida's Deceptive and Unfair Trade Practices Act § 501.201, et seq. (Count IV). Doc. 33-1. Defendants timely removed the case to this Court. Doc. 1. In their Notice of Removal, Defendants contend jurisdiction is proper because Plaintiff's Complaint asserts a claim "arising under" federal law within the meaning of § 1331.³ Id. ¶ 7. Specifically, Defendants submit that Plaintiff's Complaint presents a federal question under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (2020). Defendant argues that where a federal statute, such as PREP, provides the exclusive remedy for the substance of the allegations and relief **[*7]** sought in the Complaint, federal law expressly preempts state law for purposes of federal question jurisdiction.

## II. The PREP Act

The PREP Act was enacted December 30, 2005, and "authorizes the Secretary of Health and Human Services (the Secretary) to issue a Declaration to provide liability immunity to certain individuals and entities (Covered Persons) against any claim of loss caused by, arising out of, relating to, or resulting from the manufacture, distribution, administration, or use of medical countermeasures (Covered Countermeasures), except for claims involving "willful misconduct" as defined in the PREP Act. *Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19*, 85 FR 15198-01 (Dep't of Health and Human Svcs., Mar. 17, 2020). Effective February 4, 2020, the Secretary issued a Declaration to provide liability immunity for activities related to medical countermeasures against COVID-19. Id. The PREP Act defines "covered countermeasure" as a qualified pandemic or epidemic product, drug, biological product, or device. See 42 U.S.C. §§ 247d-6d(i)(1); 247d-6d(c)(1)(B); 247d-6d(i)(7). The term "covered person" under the PREP Act "when used with respect to the **[*8]** administration or use of a covered countermeasure means . . . a person or entity that is (i) a manufacturer of such countermeasure; (ii) a distributor of such countermeasure; (iii) a program planner of such countermeasure; (iv) a qualified person who prescribed, administered, or dispensed such countermeasure; or (v) an official, agent, or employee of a person or entity described in clause (i), (ii), (iii), or (iv)." 42 U.S.C. § 247d-6d(i)(2). The Act provides a civil remedy to compensate individuals through the Countermeasures Injury Compensation Fund for injuries resulting from the manufacture, testing, development, distribution, administration, or use of one or more Covered Countermeasures.

## III. DISCUSSION

Plaintiff urges remand is warranted because her Complaint does not present a federal question and Plaintiff's claims do not fall within the scope of the PREP Act. The Court agrees. When evaluating whether a case arises under federal law, this Court "is guided by the 'well-pleaded complaint' rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)); see *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("[T]he question whether a claim 'arises under' federal law [for purposes of removal] must **[*9]** be determined by reference to the 'well-pleaded complaint.'").

Here, it is undisputed Plaintiff has alleged purely state law causes of action. Plaintiff alleges two claims based on Florida common law (Counts I and II) and two claims based on violations of Florida statutory law (Counts III and IV). Plaintiff is the master of her Complaint and may prevent removal by choosing not to allege a federal claim. *Blab*, 182 F.3d at 854.

Defendants argue that, notwithstanding the well-pleaded complaint rule, this case falls within the narrow circumstance of a federal law's complete preemption of the state tort causes of action. Defendants contend the PREP Act governs the claims in this case, and as such, jurisdiction is proper in federal court. Defendants are correct that complete preemption allows for "a narrowly drawn means of assessing federal removal jurisdiction." *Blab*, 182 F.3d at 854. However, the Court concludes the PREP Act is inapplicable here as discussed below.

Complete preemption occurs when "the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a

---

³ Diversity jurisdiction is not alleged.

federal claim for purposes of the well-pleaded complaint rule." *Caterpillar, Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)*. Limited applications of the doctrine have [*10] been seen in the context of *Labor Management Relations Act (LMRA)* claims, see *Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968)*, and in *Employee Retirement Income Security Act (ERISA)* claims, see *Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 23-24, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)*; *Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)*. See also *Cmty. State Bank v. Strong, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011)* ("Complete preemption is a rare doctrine . . . .").

Defendants have raised the **PREP** Act as an affirmative defense here, claiming that the Act provides the sole civil remedy for those circumstances implicating covered countermeasures such that Plaintiff's sole remedy is to seek compensation from the Covered Countermeasures Process Fund by making requests for benefits under the Countermeasures Injury Compensation Fund (CICP). It is clear, however, that "the presence of a federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case." *Blab, 182 F.3d at 854* (citing *Caterpillar, 482 U.S. at 393*). A review of Plaintiff's claims reveals that the allegations challenge, among other things, the Defendants' negligent conduct in failing to properly staff the Facility, failing to effectively communicate with residents and families, failing to provide necessary medical supplies to the staff, reducing the cleaning practices in the Facility, and failing to properly use resident's [*11] funds. These acts and omissions have nothing to do with the administration of a qualified pandemic or epidemic product, drug, biological product, or device for which the **PREP** Act provides immunity.

The United States District Court in New Jersey had occasion to recently consider this same issue in the companion cases *Estate of Maglioli v. Andover Subacute Rehabilitation Center, No. 20-6605 (KM)(ESK), 2020 U.S. Dist. LEXIS 145055*, and *Estate of Maglioli v. Andover Subacute Rehab. Ctr. I, No. 20-6985 (KM)(ESK), 2020 U.S. Dist. LEXIS 145055, 2020 WL 4671091 (D. N.J. Aug. 12, 2020)*. Although not binding, the Court finds the opinion persuasive. The cases arose out of treatment of residents at two **nursing home** facilities owned and/or operated by defendants. The residents died while in defendants' care, allegedly due to defendants' failure to exercise due care with respect to the coronavirus infections. *2020 U.S. Dist. LEXIS 145055, [WL] at *2*. The plaintiffs' complaints, which were filed in state court, alleged only state law claims. *Id.* Defendants removed the cases on the basis that plaintiffs' claims are preempted by the **PREP** Act. *Id.* In finding that removal was improper, the court noted that the **PREP** Act covers the administration and distribution of products meant to curb the spread of **COVID**-19, and is not, by its plain [*12] terms, intended to cover generally the care received by patients in their healthcare facilities. *2020 U.S. Dist. LEXIS 145055, [WL] at 9*.

The New Jersey District Court further observed that guidance from the Department of Health and Human Services (DHH) suggests that the **PREP** Act does not "occupy the field" of **negligence** and malpractice claims. *Id.* "[I]t is the Secretary's interpretation . . . the Act precludes, for example, liability claims alleging **negligence** by a manufacturer in creating a vaccine, or **negligence** by a health care provider in prescribing the wrong dose, absent willful misconduct." https://www.phe.gov/Preparedness/legal/prepact/Pages/COVID19.aspx. Thus, the Act is confined to addressing claims related to the administration of certain countermeasures and does not seek to completely preempt the type of state law **negligence** claims asserted here.

In a factually similar case from the District Court of Kansas, that court found that the defendants' **PREP** Act affirmative defense was insufficient to establish federal court jurisdiction and support removal where the plaintiff's complaint alleged that the **nursing home** resident died because of defendants' failure to take preventative measures to stop the entry and spread [*13] of **COVID**-19 within the facility. See *Lutz v. Big Blue Healthcare, Inc., No. 2:20-cv-2316-HLT-JPO, 2020 U.S. Dist. LEXIS 150020, 2020 WL 4815100 (D. Kan. Aug. 19, 2020)*. "The **PREP** Act preempts state laws that create different standards regarding covered countermeasures." *2020 U.S. Dist. LEXIS 150020, [WL] at *5* (citing *42 U.S.C. § 247d-6d(b)(8)*. Like in *Lutz*, Plaintiff does not allege a claim under the **PREP** Act, nor does she allege any claim under a state law that differs or conflicts with the **PREP** Act. Further, the Complaint does not raise that the decedent's death was causally connected to the administration or use of any drug, biological product, or device. As the party invoking the Court's jurisdiction, it is Defendants' burden to show that Plaintiff's allegations fall within the purview of the **PREP** Act. *Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998)* ("removing party bears the

burden of showing the existence of federal jurisdiction"). Courts construe removal jurisdiction narrowly, and any doubts regarding the existence of federal jurisdiction and propriety of removal shall be resolved in favor of the non-removing party. *Id.* (citing *Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996))*. Despite Defendant's efforts to recast Plaintiff's claim into a federal cause of action, Plaintiff alleges state law claims for **nursing home negligence** due to substandard care. The **PREP** Act is inapplicable here.

Defendants filed as supplemental **[*14]** authority a DHS General Counsel Advisory Opinion 20-04 regarding the **PREP** Act. Doc. 51-1. This opinion does not salvage their cause. As a preliminary matter, the Advisory Opinion does not bind the federal courts, nor does it have the "force or effect of law." *Id. at 7*. Moreover, the Advisory Opinion explains that the **PREP** Act "covers a broad range of entities when such entities take reasonable steps to follow public-health guidelines and directives in using covered medical products." *Id. at 1*. While the Opinion provides that **PREP** Act immunity can apply to private individuals and organizations, such coverage applies to these private entities only when acting in accordance with the **PREP** Act and the Declaration. The Opinion's discussion of the broad application of "administration" of "activities related to management and operation of programs and locations for providing countermeasures" was in the context of operating a vaccination program. *Id. at 7*. Plaintiff does not allege that Defendants were in any way involved in a recommended activity such as the manufacture, testing, development, distribution, administration or use of any countermeasure. Plaintiff does not allege that any manufacture, testing, development, **[*15]** distribution, administration, or use of countermeasure caused or contributed to the injuries and death of Jack. Plaintiff does not assert any theory of liability that is in any way related to the Defendants' "physical provision" of any "countermeasure." Thus, the Court concludes Plaintiff's claims do not fall within the scope of the **PREP** Act, and therefore do not provide a basis for this Court's jurisdiction.

Defendants have failed to demonstrate that federal jurisdiction exists. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 33) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 20-002755-CI, for lack of subject matter jurisdiction.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court, in and for Pinellas County, Florida.

4. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on October 29, 2020.

/s/ Charlene Edwards Honeywell

Charlene Edwards Honeywell

United States District Judge

---

End of Document

Stephanie Borchers